## Ross, *Appellant*, v. McCain.

### Division Two, June 28, 1898.

Ejectment: POSSESSION BY DIVORCED WIFE FOR TEN YEARS: HOME-
STEAD. The open, adverse, notorious and continuous possession by
a divorced wife for ten years after the decree of divorce, of lands
formerly belonging to her husband, who took possession under a parol
gift from him, gives her an absolute title thereto. And, under such
circumstances, there is no necessity for her to make a claim to home-
stead therein.

*Appeal from Cape Girardeau Circuit Court.*—HON.
HENRY C. RILEY, Judge.

AFFIRMED.

*John A. Snider* for appellant.

(1) Where the wife files no claim of record for
homestead, as provided by Revised Statute 1889, sec-
tion 5435, the record of title to which is in her hus-
band, a deed executed by the husband alone is valid.
R. S. 1889, sec. 5435; *Greer v. Major*, 114 Mo. 145;
*Hufschmidt v. Gross*, 112 Mo. 655; *Tucker v. Wells*, 111
Mo. 403; *Shores v. Shores*, 34 Mo. App. 211. (2) Until
the wife's claim of homestead is made, acknowledged
and filed for record, the husband's right to convey the
title and possession is unaffected. *Kennedy v. Broyles*,
55 Mo. App. 259.

*Linus Sanford* for respondent.

(1) Elizabeth McCain took possession under a
parol gift, after the divorce granted to her husband
in Kentucky. She was entitled to all of the rights

of a *feme sole*. (2) Having occupied the premises for over twenty years after the divorce, under claim and color of title, as a *feme sole*, the law conferred and vested in respondent a perfect legal title. *Allen v. Mansfield*, 108 Mo. 343; *Bank v. Fife*, 95 Mo. 118; *Rannels v. Rannels*, 52 Mo. 108; *Lee v. Thompson*, 99 Ala. 95; *Baldwin v. Temple*, 101 Cal. 396; *Stewart v. Duffy*, 116 Ill. 47; *Wheeler v. Laird*, 147 Mass. 421; *Geohegan v. Marshall*, 66 Miss. 676; *Jackson v. Moore*, 13 Johns. 513; *Ewing v. Ewing*, 96 Pa. St. 387. (3) But where the husband renounces the marital relations and resides in a foreign jurisdiction, the married women so abandoned, is entitled to all the rights of a *feme sole*. *Daner v. Berthold*, 11 Mo. App. 351; *Music v. Dodson*, 76 Mo. 624; *Rose v. Bates*, 12 Mo. 30; *Gallager v. Delage*, 57 Mo. 29.

GANTT, P. J.—About the year 1855 William D. McCain and his wife Elizabeth came to Missouri and settled in the River Hills of Cape Girardeau, purchasing a homestead claim to the one hundred and sixty acres in dispute. After acquiring the title William D. McCain resided thereon with his wife until 1872, when he abandoned his wife and went to Kentucky. In the year 1874 he obtained a divorce from her and married a second time in Kentucky. He still resides in said State, and has never visited his abandoned home in Cape Girardeau county. When he left he made a parol gift of the land to his wife and she has since that time openly and notoriously claimed the same adversely to all the world, and has continuously occupied it by herself and her tenants, and is now in possession thereof. The land is poor and is valued at $400. The defendant, Elizabeth McCain, some years ago sold and conveyed to the plaintiff, James M. Ross, and his co-trustees two acres of said land for new Bethel

church. Ross has lived within two miles of the defendant for thirty years and has known all the time of her claim of ownership and possession. On November 15, 1889, William D. McCain and his second wife Sarah conveyed this land to Ross by deed executed in Lewis county, Kentucky, for the expressed consideration of $100. His claim in this ejectment suit is based upon that deed. The answer is a general denial and an equitable defense with prayer for affirmative relief. Plaintiff did not testify and offered no evidence contradicting the testimony of Mrs. McCain as to his knowledge of her claim and possession.

No declarations of law were asked or given. The circuit court found for the defendant and gave her judgment, and plaintiff appeals.

How a court or justice could have found differently we can not conceive. The authorities cited in regard to the abandoned wife's right to claim a homestead have no application. After the decree of divorce in 1874 defendant was a *feme sole* and her open, notorious, adverse and continuous possession of the land in suit from that time until the bringing of this suit gave her an absolute title to the land in her own right. There was no necessity for making a claim of homestead.

There was no error in the trial in the circuit court and its judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.